# Christopher M. Molokwu v. Lafayette Boyton Housing Corporation

## 03 CV 0127 (RLC)

## ENDORSEMENT

Currently before the court is plaintiff's motion for default judgment and Baker, Greenspan & Bernstein's motion to be relieved as counsel for defendant.

Plaintiff, Christopher M. Molokwu, filed this housing discrimination suit on January 7, 2003, against defendant, Lafayette Boyton Housing Corporation, for alleged racial discrimination in his attempt to obtain housing. After a series of early failures to timely respond to plaintiff's complaint, defendant retained the law firm of Baker, Greenspan & Bernstein who successfully moved this court for permission to answer the complaint on September 26, 2003.

Since then, plaintiff claims that defendant has failed to abide by the court-ordered discovery deadlines and has yet to produce witnesses and documents in response to plaintiff's requests. Plaintiff asks the court to penalize this conduct by striking defendant's answer and for an entry of default pursuant to Rule 37(b)(2)(C), F.R.Civ.P. Counsel for defendant responds by claiming that defendant's failure to provide witnesses was not willful (one is deceased and two are no longer employed by defendant), that good faith attempts to locate documentation have been made (defendant made a FOIL request with the New York State Division of Housing and Community Renewal), that automatic disclosures have been complied with and that plaintiff has himself failed to respond to defendant's interrogatories. Defendant attributes whatever deficiencies it has had in abiding by the discovery schedule to changes as to the management agent who maintains records for defendant (currently World Class Management) and confusion as to whether J.R. Hairston, in house counsel for defendant, would be taking over as counsel in this matter.

Plaintiff has detailed a disturbing pattern of defendant's failure to cooperate in defending the instant lawsuit. Counsel for defendant's assertion that it does not have the power to compel cooperation from World Class Management does not adequately excuse defendant's shortcomings given that World Class Management is Lafayette Boynton's managing agent and thus acts on defendant's behalf with respect to accessing and maintaining files. Nonetheless, striking defendant's answer and rendering a judgment by default is too extreme a measure under the current circumstances. Defendant is hereby put on notice that it has **thirty days (30)** within which to demonstrate affirmative steps taken in response to plaintiff's discover requests. Additional proffered excuses for delays will not be entertained. Failure to comply with discovery requests will result in an entry of default judgment, or any other such sanction the court deems appropriate.

The court notes that defendant, along with Baker, Greenspan & Bernstein and J.R. Hairston, have jointly submitted a consent to change attorney form with the court, thereby relieving Baker, Greenspan & Bernstein as counsel for defendant.

1

Plaintiff's motion to strike defendant's answer and for entry of default judgment is denied. Defendant has thirty days within which to demonstrate affirmative steps taken in response to plaintiff's discover requests. J.R. Hairston is substituted for Baker, Greenspan & Bernstein as counsel for defendant.

**IT IS SO ORDERED**

Dated: New York, New York
       May 23, 2005

_____
**ROBERT L. CARTER**
U.S.D.J.

**COPIES MAILED**